UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>             v.<br><br>JOHN LLOYD KIRK, individually and d/b/a INDIAN NATIONS ADVOCATE LAW OFFICE, THE KIRK OF YAHH HAVA, and YAHH HAVAH 508 LLC,<br><br>                    Defendant. | CASE NO. C11-1075 MJP<br><br>ORDER GRANTING SUMMARY JUDGMENT |

This matter comes before the Court on Plaintiff's motion for summary judgment. (Dkt. No. 18.) Having reviewed the motion, the response (Dkt. No. 22), the reply (Dkt. No. 23), the surreply (Dkt. No. 24), and all related filings, the Court GRANTS Plaintiff's motion for summary judgment.

**Background**

The United States of America is suing Defendant John Kirk ("Kirk"), for promoting and selling a fraudulent tax scheme. (Compl. ¶ 10.)

ORDER GRANTING SUMMARY JUDGMENT- 1

1       In 2008 and 2009, Kirk held several seminars entitled the "1099-OID Workshop" in Washington and Nevada. (Dkt. No. 4, Answer, ¶ 10.) The seminars offered attendees templates and instructions on how to properly implement the scheme. (Id.; Lopez Decl., ¶¶ 4, 9, 12, 13.) Under Kirk's 1099-OID process, a customer gets a credit card, spends money, and incurs interest on the credit card. (Lopez Decl., Ex. 1.) Rather than pay the credit card balance, however, the customer files a Form 1099-OID with the IRS claiming that the credit card company withheld income tax equal to the principal and interest on the credit card. (Id.) Next, the customer sends in a return asking for a refund of the amount listed on the Form 1099-OID to pay off the credit card balance. (Id.) At least thirty-one of Kirk's customers filed returns based on the 1099-OID scheme, the result of which was approximately $8 million in requests for fraudulent refunds. (Lopez Decl.¶ 6.)

      In addition, through his organization the Indian Nations Advocate Law Office, Kirk offered to personally prepare the OID forms for his customers for a $500 fee. (Lopez Decl., Ex. 2.) In the offer, Kirk acknowledges the IRS may assess customers with a $5,000 penalty for filing a frivolous return but that he will assist customers in reversing the frivolous filing penalty for $175/hour. (Id.) At least one of Kirk's customers, Thomas Haggerty, took Kirk up on his offer. (Haggerty Decl. ¶ 6.)

**Discussion**

I.    <u>Standard</u>

      Summary judgment is proper if the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits show that there are no genuine issues of material fact for trial and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). Material facts are those "that might affect the outcome of the suit under the governing law."

1 Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  The underlying facts are viewed in

2 the light most favorable to the party opposing the motion. Matsushita Elec. Indus. Co. v. Zenith

3 Radio Corp., 475 U.S. 574, 587 (1986). The party moving for summary judgment has the burden

4 to show initially the absence of a genuine issue concerning any material fact. Adickes v. S.H.

5 Kress & Co., 398 U.S. 144, 159 (1970).  Once the moving party has met its initial burden, the

6 burden shifts to the nonmoving party to establish the existence of an issue of fact regarding an

7 element essential to that party's case, and on which that party will bear the burden of proof at

8 trial.  Celotex Corp. v. Catrett, 477 U.S. 317, 323–24 (1986).

9 II.       Injunction under § 7408

10         The Government requests the Court enjoin Kirk from promoting the 1099-OID tax

11 scheme pursuant to 26 U.S.C. §§ 7408.

12         To enjoin Kirk under § 7408, the Government must show: (1) that Kirk has engaged in

13 specified conduct (defined in 26 U.S.C. § 7408(c)) and (2) that injunctive relief is appropriate to

14 prevent recurrence of such conduct.  26 U.S.C. § 7408(b).  "Specified conduct" includes any

15 action that violates §§ 6700 and 6701.  Section 6700 penalizes any person who organizes or

16 participates in the sale of a plan or arrangement and in so doing makes a statement with respect

17 to the securing of any tax benefit which he knows or has reason to know is false or fraudulent as

18 to any material matter.  26 U.S.C. § 6700(a).  Similarly, § 6701 penalizes any person who aids

19 and abets an understatement of tax liability.  26 U.S.C. § 6701(a).

20         Here, there is no factual dispute that Kirk violated §§ 6700 and 6701.  Kirk's promotion

21 of the 1099-OID scheme was a "plan or arrangement" and Kirk knew or had reason to know the

22 scheme undermined the Government's ability to collect taxes—Kirk, in fact, warned his

23

24

customers that they could face frivolous filing penalties.  In addition, Kirk aided and abetted others who understated their tax liability when he offered to prepare returns for a $500 fee.

The closer call is whether the second prong is met—i.e., whether an injunction is necessary and appropriate to prevent the specified conduct.  To determine this, courts consider (1) the gravity of the harm caused by the offense; (2) the extent of the defendant's participation; (3) the defendant's degree of scienter; (4) the isolated or recurrent nature of the infraction; (5) the defendant's recognition (or non-recognition) of his culpability, and; (6) the likelihood that the defendant's occupation would place him in a position where future violations could be anticipated.  U.S. v. Estate Preservation Services, 202 F.3d 1093, 1105 (9th Cir. 2000).

In Kirk's case, the Court finds an injunction is appropriate.  Although Kirk is apparently seventy-one years old and possibly, based on his improperly filed surreply, in prison on unrelated charges, the Court observes Kirk caused at least 31 customers to submit $8 million worth of fraudulent claims and knew the 1099-OID scheme may lead to penalties.  It also appears based on Kirk's response that Kirk does not seem to recognize his own culpability; instead, arguing it is the IRS's fault for creating confusion over the 1099-OID process.  Since the Court is not convinced Kirk will not continue to promote his tax scheme, the Court finds a permanent injunction is appropriate.

III.     Permanent Injunction under § 7402

The Government also requests the Court enjoin Kirk from promoting the 1099-OID tax scheme pursuant to 26 U.S.C. §§ 7402.

Section 7402(a) allows the Court to issue an injunction "as may be necessary to prevent interference with internal revenue laws."  Specifically, the Government requests the Court use its power (1) to enjoin Kirk from aiding and abetting customers in understating their tax liability, (2)

to order Kirk contact by mail (and also by e-mail, if an address is known) all persons who have purchased any products, services or advice associated with the false or fraudulent tax scheme described in this complaint and inform those persons of the Court's findings concerning the falsity of Kirk's prior representations and attach a copy of the permanent injunction against Kirk; and (3) to provide to the United States a list of all persons who have purchased products, services or advice from Kirk in connection with the 1099-OID Workshop in the past three years.

The Court agrees to the Government's first request only. While it may be useful for the Government to have access to Kirk's list of customers, the customer information is not necessary to prevent <u>future</u> interference with internal revenue laws. The Court observes Kirk already canceled one of his workshops in California in 2009 and has expressed a willingness to enter into some form of an injunction. Therefore, the Court will not fashion an injunction that possibly exceeds that which is necessary to prevent further tax fraud.

**Conclusion**

Pursuant to 26 U.S.C. §§ 7402 and 7408, the Court enjoins Defendant and his representatives, agents, servants, employees, attorneys, independent contractors, and anyone in active concert or participation with him from the following activities by means of false, deceptive, or misleading commercial speech:

1. Directly or indirectly organizing, promoting, marketing or selling any plan or arrangement that advises or assists taxpayers to attempt to violate the internal revenue laws or unlawfully evade the assessment or collection of their federal tax liabilities, including promoting, selling or advocating the use of false tax returns and Forms 1099-OID or claiming false OID income based on the false claim that:

1. 
   a. Taxpayers can draw on the Treasury of the United States to pay their tax debt or other debt using Forms 1099-OID or other documents;
   b. Taxpayers can issue false Forms 1099-OID to a creditor and report the amount on the false Forms 1099-OID as income taxes withheld on their behalf;
   c. Taxpayers have a secret account with the Treasury Department, which they can use to pay their debts or which they can draw on for tax refunds through a process that is often termed "redemption" or "commercial redemption" by promoters of this tax-fraud scheme.
2. Engaging in conduct subject to penalty under 26 U.S.C. § 6700, i.e., by making or furnishing, in connection with the organization or sale of a plan or arrangement, a statement about the securing of a tax benefit that Kirk knows or has reason to know to be false or fraudulent as to any material matter under the federal tax laws;
3. Engaging in conduct subject to penalty under 26 U.S.C. § 6701, including preparing and filing tax returns and other documents that understate the tax liabilities of others;
4. Preparing or filing, or assisting in, or directing the preparation or filing of any federal tax return or amended return or other related documents or forms for any other person or entity;
5. Giving tax advice or assistance to anyone for compensation;
6. Representing anyone other than himself before the Internal Revenue Service;
7. Engaging in any conduct that interferes with the administration and enforcement of the internal revenue laws, and;
8. Engaging in any activity subject to penalty under the Internal Revenue Code.

1     Pursuant to 26 U.S.C. § 7402, the Court also enjoins Defendant, individually and doing

2 business as Indian Nations Advocate Law Office, the Kirk of Yahh Hava, and Yahh Havah 508

3 LLC, and anyone in active concert or participation with him from directly or indirectly preparing

4 Kirk's own federal income tax returns claiming false income tax withholding and refunds based

5 on amounts shown in false Forms 1099-OID issued to his creditors.

6     The clerk is ordered to provide copies of this order to all counsel.

7     Dated this <u>2nd</u> day of April, 2012.

                                      Marsha J. Pechman
                                      United States District Judge